UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ESTATE OF CHRISTOPHER MORELAND, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:99-CV-607 PS |
| JOSEPH E. Speybroeck, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

This matter is before the court on the Second Renewed Motion for Costs brought by Defendant Joseph Speybroeck. [Doc. 462]. For the following reasons, the bill is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiffs, relatives of Christopher Moreland, brought this action alleging violations of 42 U.S.C. § 1983 against Joseph Speybroeck, the then Sheriff of St. Joseph County; Paul Moffa, Erich Dieter, and Michael Sawdon – each one a St. Joseph County police officer; the St. Joseph County Sheriff's Police Department; various St. Joseph County Commissioners and County Council members; and various medical providers.

On March 20, 2002, Judge Sharp entered summary judgment in favor of Sheriff Speybroeck in both his individual and official capacities. The matter proceeded to trial against remaining defendants in May 2002. On May 22, 2002, following the close of the trial, the Sheriff filed his Motion for Costs (the "First Request"). However, the trial resulted in a mistrial as to one of the remaining defendants. As such, at that time of the First Request, the Court had not yet entered final judgment as to all parties. Following briefing on the First Request, Judge

Sharp, the presiding judge at the time, entered an order staying determination of attorneys fees until the proceedings in the District Court had concluded. This order did not specifically address requests for costs and did not rule on the First Request.

The case then proceeded to trial against the remaining defendant. On September 18, 2003, the Court entered final judgment. Thereafter, Sheriff Speybroeck again renewed his motion for costs (the "Second Request"). Once again, however, the Court did not rule on the First Request or the Second Request. Finally, after protracted appellate litigation which ended in June 2005 when the Supreme Court denied certiorari, the Sheriff filed his Second Renewed Motion for Costs – which was actually his third request. He filed that request in August 2005. The only difference between the August request and the First Request is the addition of appellate costs.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) states that following judgment in a civil case, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs that may be awarded are defined by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441(1987); *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)  These costs are

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees . . . ;
> (6) Compensation of court appointed experts . . . .
> § 1920.

While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a

"presumption in favor of a cost award" as long as those costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 978 (N.D. Ind. 2002). Nevertheless, before taxing costs, the court must determine (1) "that the expenses are allowable cost items," and (2), "that the amounts are reasonable and necessary." *Northbrook*, 924 F.3d at 642. In the course of this inquiry, the court must carefully scrutinize the costs proposed by the prevailing party. *Rice*, 237 F. Supp.2d at 978.

The Plaintiffs object to an award of costs to Sheriff Speybroeck on two grounds. First, they argue that the motion for costs was untimely. Second, they argue that Sheriff Speybroeck cannot be considered a prevailing party because his claims are somehow intertwined with the claims against Defendants Dieter and Sawdon – claims on which the Plaintiffs prevails. We take each argument in turn.

**A.     Timeliness**

The time for filing a motion for costs in this district is governed by Local Rule 54.1 which provides:

> Except as otherwise provided by statute, rule, or court order, a party shall have fourteen (14) days from the entry of a final judgment to file and serve a request for the taxation of costs and for assessment of attorney fees. The time may be extended by the court for good cause shown. Failure to file such a request or to obtain leave of court for extensions of time within which to file shall be deemed a waiver of the right to make such a request . . .

N.D. Ind. L.R. 54.1 (emphasis added).

Here, Sheriff Speybroeck filed no less than three requests for costs in an attempt to timely comply with the strictures of Local Rule 54.1. Sheriff Speybroeck filed a petition on May 22, 2002 at the close of the first trial. The Court did not rule on this motion. Instead, Judge Sharp issued a cursory order delaying determination of attorneys' fees until "all proceedings in

the district are completed." [Doc. 290]. Although this order only specifically addresses attorneys' fees, it is reasonable for Sheriff Speybroeck to have interpreted this order to apply to cost requests as well.

Sheriff Speybroeck filed his next request for costs after when the Court entered final judgment as to all defendants on September 18, 2003. The Court did not rule on that request. Finally, on August 9, 2005, shortly after receiving notice of the hearing on Plaintiffs' request for attorneys' fees and costs, Sheriff Speybroeck again renewed his request for fees and costs. This time, the Sheriff included additional time spend in defense of the Plaintiffs' appeal of Judge Sharp's summary judgment ruling.

Sheriff Speybroeck's First Request certainly cannot be deemed untimely. If defective in any way, it was premature because the Court had not yet entered final judgment. Fed. R. Civ. P. 54(b); *Christiansen v. Equitable Life Assur. Co.*, 767 F.2d 340, 342 n.2 (7th Cir. 1985) ("Fed. R. Civ. P. 54(b) . . . states that a partial resolution of a case leaving some claims unresolved is not a final judgment."). We note that the Court did not rule on this motion – in fact, it appears that Judge Sharp may have intended to stay any ruling on the first request when he ordered ruling on attorneys' fees to be stayed. Thus, the first request was still pending at the time that Sheriff Speybroeck filed his Second and Third Requests.

Nevertheless, Sheriff Speybroeck's Third Request contains two additional items that cannot be considered timely filed: 1) a cost of $401.08 for printing an appellate brief dated May 19, 2004; and 2) a cost of $537.50 dated May 16, 2005 for printing a Supreme Court brief. Obviously, neither of the appellate costs were included in Sheriff Speybroeck's first or second petitions – both filed before the commencement of appellate proceedings.

While, a party may file a petition for attorneys' fees on appellate work in either the

District Court or Court of Appeals, *Jannotta v. Subway Sandwich Shops, Inc.*, 255 F.3d 815, 820 (7th Cir. 2000), he does not have an unlimited amount of time in which to do so. Local Rule 54.1 does not specifically address a time limit for the filing of a request for appellate costs. However, we can easily analogize to Local Rule 54.1 and determine the date of "final judgment" by looking to the last decision of the highest court to which the matter was appealed. Requiring a party to file a request for appellate costs in the District Court within fourteen days of that date is reasonable.

In this case, the Supreme Court denied certiorari in June 2005. Sheriff Speybroeck did not include his appellate costs in his request until August 9, 2005. Moreover, at no time during the appellate process did Sheriff Speybroeck move to amend his fee request nor did he request an extension of time to file a complete request until the conclusion of appellate proceedings. Thus, we find that Sheriff Speybroeck's claims for $ 938.58 in appellate costs is time-barred.

With respect to the remaining costs, Sheriff Speybroeck filed a timely request for costs at the conclusion of the first trial. The Court has not yet ruled on that motion on its merits. By filing two renewed motions since that time, Sheriff Speybroeck has demonstrated diligence in keeping the issue before the court. Accordingly, we treat the remainder of Sheriff Speybroeck's costs as timely.

**B.     Prevailing Party**

We turn next to the Plaintiffs' contention that Sheriff Speybroeck cannot recover costs because he was not a prevailing party in the litigation. The Plaintiffs argue that they are the true prevailing parties because they prevailed at trial on their claims against Defendants Dieter and Sawdon. They further argue that the related nature of the claims against Dieter and Sawdon and those claims against Sheriff Speybroeck bar any cost recovery by the Sheriff. This argument is

without merit.

First, it is difficult to understand how a party who successfully won summary judgment cannot be considered a prevailing party. In granting summary judgment, Judge Sharp found that Sheriff Speybroeck was not liable to the Plaintiffs on their claims. A complete bar to liability is nothing less than a complete victory for the Sheriff thereby making him a prevailing party. *See, e.g., Burda v. M. Ecker Co.*, 954 F.2d 434, 441 n.9 (7th Cir. 1992) (noting that "when an action has been dismissed for failure to state a claim, the defendant is the prevailing party"); *see also, Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir. 1985) (defendant who won on summary judgment entitled to costs), *overruled on other grounds by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989).

Moreover, the Plaintiffs have cited no law, nor are we aware of any, that supports their argument that there can be only one prevailing party in multi-defendant litigation. Indeed, this Court has discretion to award fees to each and every prevailing party in an action so long as there is a reasoned basis for that cost award. *See, e.g., Perlman v. Zell*, 185 F.3d 850, 858-59 (7th Cir. 1999) (noting that certain defendants who "prevailed outright" are entitled to recover their costs even though plaintiff may have prevailed on other claims and be entitled to recover costs on those claims from remaining defendants).

Finally, a party need not prevail on all issues to justify a full award of costs. *Thurner Heat Treating Corp. v. Mayfair Ford, Inc.*, 656 F. Supp. 1178, (E.D. Wis. 1987). Thus, even if some of the costs incurred by Sheriff Speybroeck also inured to the benefit of the unsuccessful Defendants Dieter and Sawdon, we see no reason to treat this as a bar to Sheriff Speybroeck's recovery of costs after he was granted summary judgment.

We, therefore, reject the Plaintiffs arguments and continue to our analysis of Sheriff

Speybroeck's costs.

**C.      Calculation of Sheriff Speybroeck's Costs**

As noted above, 28 U.S.C. § 1920 governs taxable costs and allows the Court to award the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees . . . ;
> (6) Compensation of court appointed experts . . . .
> § 1920.

The following costs fall clearly into these statutory categories, particularly as fees paid to the court reporter and fees for printing:

| Date | Description | Amount |
|---|---|---|
| 12/14/01 | Deposition of Elizabeth Walker | $75.00 |
| 10/26/01 | Kanabay Court Reporters – deposition of Dr. Territo | $857.60 |
| 10/10/01 | Accurate Stenographic Reports – deposition of Ken Katsaris | $767.50 |
| 8/8/01 | Midwest Reporting, Inc. – copying of Dr. Cohle's file | $180.75 |
| 87/01 | Midwest Reporting, Inc. – deposition of Dr. Cohle | $555.70 |
| 6/11/01 | Midwest Reporting , Inc. – deposition of Linda Tuttle and Gary Moreland | $631.45 |
| 3/13/01 | Stewart-Richardson Court Reporters – deposition of Connie Spicer | $214.28 |
| 1/19/01 | Murphy Reporting, Inc. – deposition of Paul Moffa | $216.30 |
| 1/19/01 | Murphy Reporting, Inc. – deposition of Lawrence J. Brown R.N. | $199.25 |
| 9/25/00 | Laura Lowe – Dr. Shuman testimony | $171.00 |
| | **TOTAL** | **$3,868.83** |

The remainder of the requested costs are more troublesome.  First, Sheriff Speybroeck requests time related to travel and other miscellaneous expenses.  Specifically, the Sheriff requests $1,168.72 for attorney travel time to take the depositions of Ken Katsaris and Dr. Territo.  Attorney Travel expenses are not recoverable as costs.  *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1970); *Mihailovich v. Laatsch*, 2002 WL 91897 at * 4 (N.D. Ill. Jan.

24, 2002). Similarly, the $384.79 cost relating to "deposition costs" for Connie Spencer which include "mileage" are excludable. Although it is possible that portions of this cost may be for witness travel, the description is not sufficiently clear to justify such an award.

Second, the Sheriff requests $10,762.50 for the "Statement of Dr. Shuman." Dr. Shuman is a pathologist and neurologist who testified at trial as a designated expert witness for the defense. While it is unclear to the Court exactly which defendant engaged the services of Dr. Schuman, in any event, the Sheriff is not entitled to recover this expense as a cost.

Rule 54(d) expressly states that we are only allowed to award costs that are authorized by statute. 28 U.S.C. § 1920 does not provide for an award of expert fees in excess of the $40 per day witness fee. *T.D. v. LaGrange School Dist. 102*, 349 F.3d 469, 481 (7th Cir. 2003); *NLFC Inc. V. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D. Ill. 1996) ("The law in the Seventh Circuit is clear that, for experts not appointed by the Court, the prevailing party may only recover the statutory amount prescribed in § 1821 and not any additional expert fees unless permitted by a specific provision of a fee shifting statute."). Thus, we look to 42 U.S.C. § 1988. This section does allow for an award of expert fees; however, it does so only as a portion of an attorneys fee award, not as a cost. 28 U.S.C. § 1988 ("In awarding attorneys fees under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981(a) of this title, the court, in its discretion, may include expert fees as part of the attorney's fees."); *Zieger Coal Co. v. Dept. of Labor*, 326 F.3d 894, 899 n.2 (7th Cir. 2003) ("Congress . . . amend[ed] § 1988 to provide that a court, in its discretion, may include expert fees ***as part of the attorneys' fee award***) (emphasis added).

Here, the Sheriff expressly states that his cost request is not a request for attorneys fees. Accordingly, we have no authority under § 1988 to consider his request for expert fees.

Moreover, although 42 U.S.C. § 1920 would provide for a cost award of $40 per day of testimony of Dr. Schuman, the Sheriff has not provided us with any information regarding the number of days that Dr. Schuman served as a witness – be it at trial or in a deposition. Accordingly, we deny the Sheriff's request for costs relating to Dr. Schuman.

Finally, the Sheriff requests a cost of $2000 paid to Dr. Territo as a deposition fee and another $2000.00 paid to Ken Katsaris as a deposition fee. As noted above, Dr. Territo and Mr. Katsaris were the Plaintiffs' designated experts. It appears that these experts charged the Sheriff $2000.00 each in order to take their depositions. This is permissible under Fed. R. Civ. P. 26 which provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." Fed. R. Civ. P. 26(4)(C). This reasonable fee can (and frequently does) exceed the $40 per day authorized by 28 U.S.C. §1821. Nevertheless, a prevailing party may not recover the amount of the expert's fee above $40.00 per day absent "exceptional circumstances." *Gordon v. Castle Oldsmobile & Honda, Inc.*, 157 F.R.D. 438, 442 (N.D. Ill. 1994). We are not aware of any exceptional circumstances in this matter nor do we have evidence that the Territo and Katsaris depositions lasted more than one day each. Therefore, award the Sheriff $80.00 – representing $40.00 for each of the two depositions.

## CONCLUSION

In sum, Sheriff Speybroeck filed a timely request for costs under Fed. R. Civ. P. 54(b). Sheriff Speybroeck is entitled to recover costs in this action as a prevailing party. However, our review of Sheriff Speybroeck's requests demonstrated that some of the requested costs were not recoverable. Accordingly, Sheriff Speybroeck's Request [Doc. 462] is **GRANTED IN PART** and **DENIED IN PART**. We AWARD Sheriff Speybroeck costs in the amount of **$3,948.83 to**

**be taxed against the Plaintiffs.**

      **SO ORDERED.**

ENTERED: September 26, 2005

                                                S/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT