## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| ESTATE OF CHRISTOPHER MORELAND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 3:99-cv-607PS |
| JOSEPH SPEYBROECK, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motions for Fees and Costs [Docs. 272, 273] (hereinafter occasionally, "first request," "first petition," and "first motion") and the Plaintiffs' Supplemental Motion for Fees and Costs [Docs. 447]. On September 26, 2005, this Court issued an order addressing the Plaintiffs requests for attorneys' fees contained within those motions. Accordingly, all that remains before the Court is the Plaintiffs' cost requests. For the following reasons, the requests are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiffs, relatives of Christopher Moreland, brought this action alleging violations of 42 U.S.C. § 1983 against Joseph Speybroeck, the then Sheriff of St. Joseph County; Paul Moffa, Erich Dieter, and Michael Sawdon – each one a St. Joseph County police officer; the St. Joseph County Sheriff's Police Department; various St. Joseph County Commissioners and County Council members; and various medical providers.

After certain parties settled and/or were dismissed, the case proceeded to trial against Dieter, Sawdon, and Moffa. On May 9, 2002, the jury returned a verdict in favor of Plaintiffs and against Defendants Dieter and Sawdon. The jury reported that it could not come to a decision as to Defendant Moffa resulting in a mistrial as to Moffa only. The Court then entered

1

a $56.5 million judgment against Dieter and Sawdon.  The case then proceeded to a retrial against Moffa.  On September 18, 2003, after the close of the Moffa retrial, the Court entered final judgment as to all parties.  Dieter and Sawdon appealed, but the Seventh Circuit upheld the verdict against them.  Finally, in June 2005, the Supreme Court denied certiorari, bringing this litigation to a close.

The Plaintiffs filed three requests for costs.  The first request pertained to those costs incurred by Atty. Sean Drew and attorneys affiliated with Fieger Fieger Kenney & Johnson ("FFKJ"). [Doc. 273].  Atty. Drew was originally retained by the Plaintiffs to investigate and file their claim.  FFKJ was retained as co-counsel in 2001.  Atty. Drew and the attorneys of  FFKJ represented the Plaintiffs at the first trial and submitted their first request in June 2002.  In the first request, the Plaintiffs ask for an award of $ 64,169.85 for costs incurred by Atty. Drew and $162,588.28 for costs incurred by FFKJ.  At that time, the Plaintiffs also submitted their second request. [Doc. 272].  This request pertains to fees incurred by Atty. Michael Marrs who was Atty. Drew's co-counsel in the matter from 1999 through early 2001.  In the second request, the Plaintiffs ask for an award of $ 860.28.  Finally, in the third request, the Plaintiffs ask for additional costs relating to work performed by Atty. Drew and FFKJ. [Doc. 447].  Here, the Plaintiffs request $74,456.17 for Atty. Drew and $64,462.33 for FFKJ.

## II.  DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) states that following judgment in a civil case, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The costs that may be awarded are defined by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441(1987); *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)  These costs are

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;

2

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily
obtained for use in the case;
(5) Docket fees . . . ;
(6) Compensation of court appointed experts . . . .
§ 1920.

While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in  favor of a cost award" as long as those costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 978 (N.D. Ind. 2002).  Nevertheless, before taxing costs, the court must determine (1) "that the expenses are allowable cost items," and (2), "that the amounts are reasonable and necessary."  *Northbrook*, 924 F.3d at 642.  In the course of this inquiry, the court must carefully scrutinize the costs proposed by the prevailing party. *Rice*, 237 F. Supp.2d at 978.

Defendants Dieter and Sawdon admit that the Plaintiffs are entitled to costs as a general proposition, but object to a number of specific items. Moreover, there are a number of requested items that, while apparently unobjectionable to Dieter and Sawdon, are nonetheless not recoverable under the law.

As an initial matter, we note that Plaintiffs have provided what, at best, can be described as the "bare minimum" in support of their requests for costs.  As exhibits, the Plaintiffs attached accounting summaries which contained no back-up documentation at all.  (Exhibits B, C and E of the First Request, Exhibit B of the Second Request, and Exhibits C, E and F of the Third Request).  Within those accounting summaries, individual persons were left unidentified, charges were wholly unexplained, and clearly excludable costs were, nevertheless, included.  However, rather than deny these items out of hand, the Court searched its collective memory of a six-year-old matter to identify individuals and categorize costs where it could.

3

That said, for ease of analysis (and in the interest of a modicum of brevity), in this opinion we have categorized the Plaintiffs' costs.  We specifically discuss those categories of costs that we have denied and the basis for their exclusion from the cost award.  We then calculate the allowable costs by reviewing the accounting summaries and subtracting out those costs that we specifically discuss below.  We also adjust costs where necessary.  *See infra* Sections D and E (witness costs).   After eliminating certain costs and adjusting others,  we are left with the following:  amounts paid to court reporters for deposition and trial transcripts, amounts paid to copy services and for document reproduction, [1] court costs including filing fees, and limited witness fees.   We award these remaining costs to the Plaintiffs.

A.      **Costs not authorized by § 1920**

The Plaintiffs first request that the Court award them a number of costs that are not expressly authorized by 28 U.S.C. § 1920.  These costs include facsimile charges, postage, and long-distance charges.

"Allowable costs in most cases are limited to the categories in 28 U.S.C. § 1920." *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).  Indeed, without special circumstances,

---

[1] Rule 54(d) authorized the Court to award costs for copying documents reasonably necessary for use in the case.  However, Rule 54(d) prohibits the parties from recovering the costs of copies made purely for attorney convenience.  As a result, courts in this circuit ordinarily require the requesting party to provide some minimal description of the documents copied, evidence of the rate charged per copy, and a brief explanation of how the documents were used.  *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 3d 962, 281 (N.D. Ind. 2002).  In this case, the Plaintiffs did not provide the Court with such a breakdown.  However, Dieter and Sawdon do not object to the request for duplication costs.  Accordingly, because some duplication costs are available under Rule 54(d) and because the requested costs are not objectionable to Dieter and Sawdon, we award the Plaintiffs the full value of their request relating to copying costs.

4

"the legal presumption is that if Congress did not list the item in § 1920, the court may not tax it." *Wolf v. Planned Prop. Mgmt.*, 735 F. Supp.882, 883 (N.D. Ill. 1990). Therefore, "[e]xpenses that are not on the statutory list must be borne by the party incurring them." *Collins*, 96 F.3d at 1058.

Here, the Plaintiffs have requested three specific categories of expenses that are not on §1920's enumerated list. These include facsimile, postage, and telephone charges. The Plaintiffs have not made any argument in support of a special circumstance which might allow the Court to award those costs. Instead, they merely enumerated their lump sum costs.[2] Without statutory authorization or any argument in support of some special circumstance, we decline to award these costs. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1970) (denying telephone charges and postage as "costs"); *Wolf*, 735 F. Supp. at 883 (denying long-distance telephone charges).

**B.    Attorney Expenses**

The Plaintiffs also request a number of items that, for convenience, we categorize as "attorney expenses." These include counsels' costs for airfare, hotel, transportation, and meals expended during the course of this matter.

The law in this Circuit is clear that attorney travel expenses are not recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1970); *Mihailovich v. Laatsch*, 2002

---

[2]In certain circumstance, parties may recover long-distance costs and/or postage costs as part of attorneys fees awards. However, to do so, the requesting party has the burden of showing that it their practice or the practice of attorneys in their relevant market to bill these costs to their clients. *Wolf*, 735 F. Supp. at 884 n.1. In this case, the Plaintiffs have not made this argument and, in any event, presented no evidence suggesting that they would ordinarily bill this type of cost back to their clients.

WL 91897 at * 4 (N.D. Ill. Jan. 24, 2002).   These non-allowable travel expenses include airfare,

rental cars, hotel bills, and parking fees.  *Mihailovich,* 2002 WL 91897 at *4.  We believe these

non-allowable costs also include attorney meals and cab fare.

Nevertheless, the Plaintiffs attempt to recoup significant expenses relating to attorney

travel including, as an example, a $ 6,507.50 payment to "Corporate Air Travel, LLC" for

airfare.  Attorneys are certainly entitled to travel in any manner that they see fit.  However, they

are not entitled to recover their travel expenses as costs under Fed. R. Civ. P. 54.  Accordingly,

we reduce the award of costs to Plaintiffs by all expenditures related to these attorney expense

items.

**C.      Expenses Related to Experts.**

Next, the Plaintiffs request significant fees related to expert witnesses.   A sampling of

line-items from the accounting summaries reveals costs for "invoices from experts," "initial

retainers," and so-called "fees."  Again, we note that the Plaintiffs have not provided the Court

with any of the actual invoices that they received from experts, receipts for travel costs, or any

other documentation supporting these costs.  In addition, they have not explained to the Court

what each expense was for – whether it related to attendance at a deposition, attendance at trial,

or other work that the experts performed at the Plaintiffs' request.

Rule 54(d) expressly states that we are only allowed to award costs that are authorized by

statute.  28 U.S.C. § 1920 does not provide for an award of expert fees in excess of the $40 per

day witness fee.  *T.D. v. LaGrange School Dist. 102*, 349 F.3d 469, 481 (7th Cir. 2003); *NLFC

Inc. V. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D. Ill. 1996) ("The law in the

Seventh Circuit is clear that, for experts not appointed by the Court, the prevailing party may

only recover the statutory amount prescribed in § 1821 and not any additional expert fees unless permitted by a specific provision of a fee shifting statute."). Thus, we look to 42 U.S.C. § 1988. This section does allow for an award of expert fees; however, it does so only as a portion of an attorneys fee award, not as a cost. 28 U.S.C. § 1988 ("In awarding attorneys fees under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981(a) of this title, the court, in its discretion, may include expert fees as part of the attorney's fees."); *Zieger Coal Co. v. Dept. of Labor*, 326 F.3d 894, 899 n.2 (7th Cir. 2003) ("Congress . . . amend[ed] § 1988 to provide that a court, in its discretion, may include expert fees *as part of the attorneys' fee award*) (emphasis added).

Here, the Plaintiffs' filed their requests for costs together with their request for fees. However, it does not appear that the Plaintiffs' requested the expert expenses as part of the fee award. Indeed, the Plaintiffs included the expert fees in their exhibits relating to costs and in their lump sum totals labeled "costs" or "expenses." Moreover, even if they were to have requested their experts fees as attorneys fees, they have not provided us with any supporting information for those fees. Instead, they have merely listed the total for each expert. This simply does not suffice for an award of expert fees above the standard cost award.

Although the majority of the expert fees (including initial retainer payments and fees for reports, reviews, and research) are not recoverable, the Plaintiffs are entitled to recover the statutory witness fee for each expert under 28 U.S.C. § 1920, as well as reasonable travel expenses for each day that the expert attended a trial or deposition.[3] The current statutory rate is

---

[3]We note that under Fed. R. Civ. P. 26, experts are entitled to charge a fee for their participation in discovery. To the extent any of the expert fees listed in the Plaintiffs' requests pertain to this discovery assistance, the Plaintiffs are, nevertheless, still limited to the $40 per

$40 per day.  28 U.S.C. § 1821.  However, the Plaintiffs have not provided the Court with the number of days that each expert attended trial or deposition, nor have they provided the Court with any information regarding each expert's travel expenses.

The Court declines to review the transcript of the entire trial in an attempt to discern when witnesses were present.  Moreover, the Court would have no way of knowing the number of days each expert attended depositions.  Therefore, we award the Plaintiffs' $80 per expert to encompass one day of trial and one day of depositions.

**D.    Lay Witness Costs**

Similarly, the Plaintiffs request witness costs for a number of lay witnesses without any supporting information.  These witness fee requests are between $40.00 and $156.65.

We reiterate that Plaintiffs do not have a substantial burden to meet in order to obtain their full costs. All that Plaintiffs have to provide the court is the number of days each witness was present at trial and/or deposition and their milage costs (number of miles driven x statutory rate) for those dates.  Instead, the Plaintiffs merely provided lump sum numbers that the Court cannot verify.

While we suspect that these fees may reflect the daily $40.00 witness fee plus transportation costs, the Plaintiffs have not provided us any information to verify our suspicion.  Thus, here, too, we limit the Plaintiff's recover to $80.00 per witness – $40.00 for trial and $40.00 for deposition.

**E.    Investigation Costs**

_____

day recovery.  *See Gordon v. Castle Oldsmobile & Honda, Inc.*, 157 F.R.D. 438, 442 (N.D. Ill. 1994).

Next, the Plaintiffs request costs relating to "investigation."  The Plaintiffs' exhibits list several disbursements to "Gasdick Consulting" for "private investigator fees" as well as a disbursement to "Radde Investigation Services."  The cost of a private investigator is not enumerated under § 1920.  The Plaintiffs have not provided the Court with any explanation of their use of a private investigator and, therefore, the Court cannot determine whether the private investigator was used in conjunction with a permissible cost such as service of a subpoena or whether the investigator was for some other purpose.  Without additional explanation, we deny the Plaintiffs' request for costs relating to the use of a private investigator.  *See Mayoza v. Heinold Commodities, Inc.*, 1988 WL 105294 at *4 (N.D. Ill. Oct. 3, 1988) (denying request for private investigator costs); *see also, Tinch v. City of Dayton*, 199 F. Supp. 2d 758, 770 (S.D. Oh. 2002) (same).

**F.     Undocumented or Unexplained Fees**

Finally, the Plaintiffs request a number of costs as a lump sum with virtually no explanation of the costs.  The Court is completely unable to analyze these costs and, therefore, declines to award them.  These costs include:

| Date | Description |
|------|-------------|
| 4/15/03 | Expo Confidential |
| 4/29/03 | In the News |
| 7/30/03 | Grapevine Productions |
| 9/8/03 | Team Audio (reproduce tapes) |
| 9/9/03 | E-2 paper service |
| 4/23/02 | Video Enterprises (2 invoices) |
| Unknown | LRP Publications |
| Unknown | Scott's Moving (various charges) |
| Unknown | Special Crimes Unit |
| Unknown | Various charges to retail outlets including Wal-Mart, Radio Shack |
| Unknown | Boxes plus (various charges) |
| Unknown | Mediation expenses |

In addition, the Plaintiffs have included disbursements to various individuals with no explanation as to who these individuals are, what the payment relates to, or even the date on which the payment occurred.[4]  The Court simply cannot evaluate whether these costs fit under the categories delineated in § 1920.  Accordingly, the requests for these costs are denied.

**G.    Cost Calculation**

Having excluded the costs which are not allowed by statute, we arrive at the following totals:

---

[4]See Appendix A to this opinion for a list of these individuals and charges.

10

| Request | Amount Awarded |
|---|---:|
| First Request: Atty. Drew | $25,403.27 |
| First Request: FFKJ | $21,988.33 |
| Second Request: Atty. Marrs | $ 299.25 |
| Third Request: Atty. Drew | $18,793.00 |
| Third Request: FFKJ | $12,713.11 |
| **TOTAL** | **$79,196.96** |

## CONCLUSION

For the foregoing reasons, the Requests for Costs filed by the Plaintiffs [Docs. 272, 273, and 447] are GRANTED IN PART and DENIED IN PART.  The Plaintiffs are awarded costs of $79,196.96.

**SO ORDERED.**

ENTERED: September 27, 2005

     S/ Philip P. Simon     
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

**Appendix A**

11

| Name | Charge |
|---|---|
| Shayna Breslin | $40.00 |
| Tracy Zentz-Derda | $43.65 + $43.00 |
| Benjamin Cantu | $43.65 + $90.00 |
| Dana L. Sousley, Jr. | $43.65 |
| Diana J. Matthews | $43.65 + $42.00 |
| Otis Johnson | $43.65 |
| Donald Quiroz | $75.20 + $40.00 + $35.00 |
| Michael Kovacevich | $42.19 |
| Jonathan Peaks | $53.14 + $87.00 |
| Jamie Eikelberg | $53.14 |
| Greg Delinski | $50.00 |
| Kevin Whippo | $45.00 |
| David Williams | $45.00 |
| Daniel Banicki | $45.00 |
| David Nickerson | $45.00 |
| Robert Thompson | $45.00 |
| George Holovet | $45.00 |
| William Goss | $45.00 |
| James Fagan | 76.00 + $115.73 (Holiday Inn expenses) |
| Donald Coleman | $77.00 + $45.00 |
| Thomas King | $106.51 + $562.03 (Holiday Inn expenses) + $200 (Greyhound Bus) |
| Bill Jarve | $70.00 |
| Charles Hurley | $975.00 + $975.00 |
| William Kraus | $56.00 |
| Loraine Cummings | $40.00 |